# EXHIBIT 13

RESTATED

CERTIFICATE OF INCORPORATION

OF

LORAL SPACE & COMMUNICATIONS HOLDINGS CORPORATION

(formerly known as Loral Space & Communications Corporation)

Loral Space & Communications Holdings Corporation (the "Corporation"), a
corporation organized and existing under and by virtue of the laws of the State of Delaware,
DOES HEREBY CERTIFY that:

1.   The name of the Corporation is Loral Space & Communications Holdings
Corporation.

2.   The original Certificate of Incorporation of the Corporation was filed with the
Secretary of State of the State of Delaware under the name of Loral Space & Communications
Corporation on November 26, 1996.

3.   On July 15, 2003, the Corporation and certain of its affiliates filed voluntary
petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy
Code") in the United States Bankruptcy Court for the Southern District of New York (the
"Bankruptcy Court") (Lead Case No. 03-41710 (RDD)).  This Amended and Restated Certificate
of Incorporation amends and restates the original Certificate of Incorporation of the Corporation,
as amended to date (the "Certificate of Incorporation"), and has been duly adopted in accordance
with Sections 242, 245 and 303 of the General Corporation Law of the State of Delaware (the
"DGCL"), pursuant to the authority granted to the Corporation under Section 303 of the DGCL
to put into effect and carry out the Fourth Amended Joint Plan of Reorganization Under Chapter
11 of the Bankruptcy Code of the Corporation, *et al.*, as confirmed on July 13, 2005 by order (the

"Order") of the Bankruptcy Court.  Provision for amending the Certificate of Incorporation is contained in the Order of the Bankruptcy Court having jurisdiction under the Bankruptcy Code for the reorganization of the Corporation.

4.   The text of the Restated Certificate of Incorporation is hereby amended and restated to read in its entirety as follows:

RESTATED

CERTIFICATE OF INCORPORATION

OF

LORAL SPACE & COMMUNICATIONS HOLDINGS CORPORATION

(formerly known as Loral Space & Communications Corporation)

\* \* \* \* \* \* \* \*

1.	The name of the corporation (the "Corporation") is:

Loral Space & Communications Holdings Corporation

2.	The address of the registered office of the Corporation in the State of Delaware is 1209 Orange Street in the City of Wilmington, County of New Castle. The name of its registered agent at such address is The Corporation Trust Company.

3.	The nature of the business or purposes to be conducted or promoted by the Corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware.

4.	The total number of shares of stock which the Corporation shall have authority to issue is one thousand (1,000) shares of Common Stock, par value $.01 per share.

5.	Ownership of shares of any class or series of capital stock of the Corporation shall not entitle the holders thereof to any preemptive right to subscribe for or purchase or to have offered to them for subscription or purchase any additional shares of capital stock of any class or series of the Corporation or any securities convertible into any class or series of capital stock of the Corporation, whether now or hereafter authorized, however acquired, issued or sold by the Corporation, it being the purpose and intent hereof that the Board of Directors shall have full right, power and authority to offer for subscription or sell or to make

any disposal of any or all unissued shares of the capital stock of the Corporation or any securities convertible into stock or any or all shares of stock or convertible securities issued and thereafter acquired by the Corporation, for such consideration as the Board of Directors in its sole discretion shall determine.

6.  The Corporation shall not issue non-voting equity securities within the meaning of section 1123 of chapter 11 of title 11 of the United States Code.

7.  In furtherance and not in limitation of the powers conferred by statute, the Bylaws of the Corporation (the "Bylaws") may be made, altered, amended or repealed by the Board of Directors.

8.  Meetings of stockholders may be held within or without the State of Delaware, as the Bylaws may provide. Voting at meetings of stockholders need not be by written ballot. The books of the Corporation may be kept (subject to any provision contained in the statutes) outside the State of Delaware at such place or places as may be designated from time to time by the Board of Directors or in the Bylaws.

9.  For so long as the Corporation owns any shares of Space Systems/Loral, Inc., a Delaware corporation, directly or indirectly, the Corporation shall not cause such shares to be voted in favor of any amendment to or modification of Section 3 of the Certificate of Incorporation of Space Systems/Loral, Inc.

10.  The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors. In addition to the powers and authority expressly conferred upon them by statute or by this Restated Certificate of Incorporation or the Bylaws, the Board of Directors is hereby empowered to exercise all such powers and do all such acts and things as may be exercised or done by the Corporation. The number of directors of the

Corporation shall be fixed from time to time by the stockholders, <u>provided</u>, <u>however</u>, that such number shall be no fewer than three (3) and no more than fifteen (15).

11.     In the event that the votes of the directors on any matter voted upon by the Board of Directors are equally divided, the director who is at that time the Vice Chairman of the Board of Directors shall have a second or casting vote on such matter.

12.     The Corporation is to have perpetual existence.

13.     Elections of directors need not be by written ballot.

14.     Any director may be removed from the Board of Directors, with or without cause, by the holders of two-thirds of the shares of capital stock entitled to vote, either by written consent or consents or at any special meeting of the stockholders called for that purpose, and the office of such director shall forthwith become vacant.

15.     a.     The Corporation shall indemnify to the fullest extent authorized or permitted under and in accordance with the laws of the State of Delaware (as now or hereafter in effect) any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative in nature (including any legislative or self-regulatory proceeding), by reason of the fact that he or she is or was, or had agreed to become or is alleged to have been, a director or officer of the Corporation, or, while a director or officer of the Corporation, is or was serving, or had agreed to serve or is alleged to have served, at the request of or to further the interests of the Corporation as a director, officer, trustee, appointee, designee, employee, manager, partner, or agent of or in any other capacity with another corporation or any limited liability company, partnership, joint venture, trust or other enterprise, including any employee benefit plan of the Corporation or of any of its affiliates and any charitable or not-for-profit enterprise (any such

person being sometimes referred to hereafter as an "Indemnitee"), or by reason of any action taken or omitted or alleged to have been taken or omitted by an Indemnitee in any such capacity, against expenses (including court costs and attorneys' fees), judgments, damages, fines, penalties, amounts paid in settlement and other liabilities actually and reasonably incurred by him or her or on his or her behalf in connection with such action, suit or proceeding and any appeal therefrom.  In case any action, suit or proceeding shall be brought against any Indemnitee, such Indemnitee shall notify the Corporation of the commencement thereof, and the Corporation shall be entitled to participate therein and, to the extent that it shall wish, to assume the defense thereof.  The termination of any action, suit or proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent, shall not, of itself, create a presumption that the person did not act in good faith and in a manner he or she reasonably believed to be in or not opposed to the best interests of the Corporation, and, with respect to any criminal action or proceeding, that such person had reasonable cause to believe that his or her conduct was unlawful.  With respect to service by an Indemnitee on behalf of any employee benefit plan of the Corporation or any of its affiliates, action in good faith in what the Indemnitee reasonably believed to be the best interest of the beneficiaries of the plan shall be considered to be in or not opposed to the best interests of the Corporation.  The Corporation shall indemnify an Indemnitee for expenses (including attorneys' fees) reasonably incurred by the Indemnitee in connection with a proceeding successfully establishing his or her right to indemnification, in whole or in part, pursuant to this Article.  However, notwithstanding anything to the contrary in this Article, the Corporation shall not be required to indemnify an Indemnitee against expenses incurred in connection with a proceeding (or part thereof) initiated by the Indemnitee against the Corporation (other than as contemplated by the immediately preceding sentence) or any other

person who is an Indemnitee unless the initiation of the proceeding was approved by the Board of Directors of the Corporation.

b.   Expenses (including any attorneys' fees) reasonably incurred in investigating, defending or responding to any civil or criminal action, suit,  proceeding or investigation in which a current or former director or officer of the Corporation has been named as a defendant, respondent or target, and any appeal therefrom, shall be paid by the Corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of the current or former director or officer of the Corporation to repay such amount if it shall ultimately be determined that he or she is not entitled to be indemnified by the Corporation as authorized in this Section 15.  Such undertaking shall be accepted by the Corporation without reference to the financial ability of the current or former director or officer of the Corporation to make such repayment.

c.   This indemnification and other rights set forth in this Section 15 shall not be exclusive of any other rights to which an Indemnitee seeking indemnification or advancement of expenses may be entitled under any law (common or statutory), contract, agreement, bylaws, vote of stockholders or action of the Board of Directors or otherwise, both as to action in his or her official capacity and as to action in any other capacity while holding office for the Corporation, and nothing contained in this Section 15 shall be deemed to prohibit the Corporation from entering into agreements with officers and directors providing indemnification rights and procedures different from those set forth in this Section 15.

d.   The right to indemnification and advancement of expenses provided by this Section 15 shall continue as to any person who formerly was an officer or director of the Corporation in respect of acts or omissions occurring or alleged to have occurred while he or she

was an officer or director of the Corporation and shall inure to the benefit of the estate, heirs, executors and administrators of the Indemnitees. Unless otherwise required by law, the burden of proving that the Indemnitee is not entitled to indemnification or advancement of expenses under this Article shall be on the Corporation. The right of an Indemnitee to indemnification or advances as granted by this Section 15 shall be a contractual obligation of the Corporation and, as such, shall be enforceable by the Indemnitee in any court of competent jurisdiction.

e. In addition to indemnification by the Corporation of current and former officers and directors and advancement of expenses by the Corporation to current and former officers and directors as provided for by the foregoing provisions of this Section 15, the Corporation may, in a manner and to the fullest extent permitted by law, indemnify current and former employees, agents and other persons serving the Corporation and advance expenses to current and former employees, agents and other persons serving the Corporation, in each case as may be authorized by the Board of Directors, and any rights to indemnity or advancement of expenses granted to such persons may be equivalent to, or greater or less than, those provided to directors, officers and employees by this Section 15.

f. The Corporation may purchase and maintain insurance, at its expense, to protect itself and any current or former director, officer, employee or agent of the Corporation or of another corporation or a limited liability company, partnership, joint venture, trust or other enterprise (including any employee benefit plan) in which the Corporation has an interest against any expense, liability or loss incurred by the Corporation or such person in his or her capacity as such, or arising out of his or her status as such, whether or not the Corporation would have the power to or is obligated to indemnify such person against such expense, liability or loss. The indemnification and reimbursement of expenses so provided by this Section 15 shall not be

available to the extent that indemnification or reimbursement has been received by such director or officer under any applicable policy of insurance or otherwise.

g.   No amendment, termination or repeal of this Section 15 or the adoption of any provision of this Restated Certificate of Incorporation inconsistent with this Section 15, shall eliminate or reduce the effect of this Section 15, in respect of any actions, transactions, facts or matter occurring before such amendment, repeal or adoption of an inconsistent provision or in respect of any cause of action, suit, claim, proceeding or investigation arising out of or relating to any actions, transactions, facts or matter which would have given rise to a right of indemnification or right to receive expenses pursuant to this Section 15, if such provision had not been so amended, terminated or repealed or if a provision inconsistent therewith had not been so adopted.

h.   A director shall have no personal liability to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for (i) any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law by the director, (iii) liability under Section 174 of the DGCL or (iv) any transaction from which the director derived an improper personal benefit.  If the DGCL is hereafter amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director shall be eliminated or limited to the full extent permitted by the DGCL, as so amended.  Any repeal or modification of this Section 15 shall not adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification with respect to an act or omission of such director occurring prior to such repeal or modification.

i. Notwithstanding anything to the contrary set forth in this Section 15, (i) for the purposes of this Section 15, the term "Corporation" shall not include Loral Space & Communications Ltd., a Bermuda corporation, or any direct or indirect subsidiary thereof that at the time was not or that is not a direct or indirect subsidiary of the Corporation (collectively, "Old Loral"), and the Corporation shall not have obligations pursuant to this Section 15 solely by virtue of any assertion by any person, entity or governmental authority or any determination by a court of competent jurisdiction, that it is a successor to Old Loral or any other entity; (ii) the Corporation may, but shall not be required to, indemnify any director or officer of Old Loral, or any person who was serving, or had agreed to serve or is alleged to have served, at the request of or to further the interests of Old Loral as a director, officer, trustee, appointee, designee, employee, manager, partner, or agent of or in any other capacity with another corporation or any limited liability company, partnership, joint venture, trust or other enterprise, including any employee benefit plan of Old Loral or of any of its affiliates and any charitable or not-for-profit enterprise, except as specifically set forth in that certain Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated as of June 3, 2005 of Loral Space & Communications, Ltd. and its subsidiaries that are a party thereto (as the same may be amended from time to time, the "Plan"); and (iii) the Corporation may, but shall not be required to, indemnify any Indemnitee with respect to any events or circumstances occurring prior to the filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 11, 2003 by Loral Space & Communications, Ltd. and its subsidiaries that are a party thereto, except as specifically set forth in the Plan.

IN WITNESS WHEREOF, the Corporation has caused this Restated Certificate of Incorporation to be signed and attested by its duly authorized officers on this ___ day of _____, 2005.

_____

Avi Katz
Vice President and Secretary

ATTEST:

_____

[_____]

**LORAL SPACE & COMMUNICATIONS HOLDINGS CORPORATION**

**INCORPORATED UNDER THE LAWS OF**

**THE STATE OF DELAWARE**

**<u>AMENDED AND RESTATED BYLAWS</u>**


ARTICLE I
<u>OFFICES</u>

Section 1.     <u>Registered Office and Agent</u>.  The registered office of Loral Space & Communications Holdings Corporation (the "Corporation") shall be located in the State of Delaware and shall be at such address as shall be set forth in the Restated Certificate of Incorporation.  The resident agent of the Corporation at such address shall be as set forth in the Restated Certificate of Incorporation.  The Corporation may also have such other offices at such other places, within or without the State of Delaware, as the board of directors of the Corporation (the "Board of Directors") may from time to time designate or the business of the Corporation may require.

Section 2.     <u>Principal Office</u>.  The principal office for the transaction of the business of the Corporation shall be at such location, within or without the State of Delaware, as shall be designated by the Board of Directors.

Section 3.     <u>Other Offices</u>.  The Corporation may also have an office or offices at such other place or places, either within or without the State of Delaware, as the Board of Directors may from time to time determine or as the business of the Corporation may otherwise require.


ARTICLE II
<u>STOCKHOLDERS</u>

Section 1.     <u>Annual Meeting</u>.  The annual meeting of stockholders for the election of directors and the transaction of any other business properly brought before the meeting will be held on such day in such month, in such city and state and at such time and place as may be designated by the Board of Directors and set forth in the notice of such meeting.  If no designation is made, the place of meeting shall be the principal executive office of the Corporation.

Section 2.     <u>Special Meetings</u>.  Special meetings of the stockholders for any purpose may be called at any time by the Board of Directors or by its Chairman, or by the Chief Executive Officer and President, and will be called by the Chief Executive Officer and President at the request of the holders of a majority in voting power of the outstanding shares of capital

stock generally entitled to vote.  The officer or directors calling such a meeting shall direct the Secretary of the Corporation to notify the directors of the time, place and purpose of such meeting forthwith, but in any event not less than five (5) days before such notice is sent to the stockholders.  Special meetings shall be held at such place or places within or without the State of Delaware as shall from time to time be designated by the Board of Directors and stated in the notice of such meeting.  If no designation is made, the place of meeting shall be the principal executive office of the Corporation.  At a special meeting no business shall be transacted and no corporate action shall be taken other than that stated in the notice of the meeting.

Section 3.     Notice of Meetings.  Not less than ten (10) days nor more than fifty (50) days before the date of every stockholder's meeting, the Secretary of the Corporation shall give to each stockholder entitled to vote at such meeting and each other stockholder entitled to notice of the meeting notice stating the time and place of the meeting and, in the case of a special meeting, the purpose or purposes for which the meeting is called, by mail, by presenting it to him or her personally, by leaving it at his or her residence or usual place of business or by any other lawful means.  If mailed, such notice shall be deemed to be given when deposited in the United States mail addressed to the stockholder at his or her post office address as it appears on the records of the Corporation, with postage thereon prepaid.  Notice of any adjourned meeting need not be given except by announcement at the meeting so adjourned, unless otherwise ordered in connection with such adjournment or required by law.

Section 4.     Action Without Meeting.  Any action required or permitted to be taken at any annual or special meeting of stockholders may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and shall be delivered to the Corporation by delivery to its registered office in the State of Delaware, its principal place of business, or an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders are recorded.  Delivery made to the Corporation's registered office shall be by hand, or by certified or registered mail, return receipt requested.

Section 5.     Waiver of Notice.  Any stockholder may at any time, by writing or by telegraph, cable, electronic transmission, or facsimile transmission, waive any notice required to be given under these Bylaws.  A stockholder's attendance, in person or by proxy, at a meeting: (i) waives objection to lack of notice or defective notice of the meeting, unless the stockholder or his proxy attends the meeting for the express purpose of objecting at the beginning of the meeting to holding the meeting or transacting business at the meeting because the meeting is not lawfully called or convened; and (ii) waives objection to consideration of a particular matter at the meeting that is not within the purpose or purposes described in the meeting notice, unless the stockholder or his proxy objects to considering the matter before it is voted upon.

Section 6.     Quorum.  Any number of stockholders, together holding at least a majority in voting power of the capital stock of the Corporation issued and outstanding and generally

entitled to vote in the election of directors, present in person or represented by proxy at any meeting duly called, shall constitute a quorum for the transaction of all business, except as otherwise provided by law, by the Restated Certificate of Incorporation or by these Bylaws.

Section 7.    Adjournment of Meetings.  If less than a quorum is in attendance at the time for which a meeting is called, the meeting may be adjourned by the chairman of the meeting or by the affirmative vote of a majority of the voting power of shares present in person or by proxy and entitled to vote at such meeting, without notice other than announcement at such meeting, until a quorum is in attendance.  Any meeting at which a quorum is present may also be adjourned in like manner and for the amount of time as may be determined by the chairman of the meeting or by the affirmative vote of a majority of the voting power of shares present in person or by proxy and entitled to vote at such meeting.  At any adjourned meeting at which a quorum is present, any business may be transacted and any corporate action may be taken which might have been transacted at the meeting as originally called.  If the adjournment is for more than thirty (30) days, or if after the adjournment a new record date is fixed for the adjourned meeting, a notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

Section 8.    Voting List.  The Secretary of the Corporation will prepare and make, at least ten (10) days before every election of directors, a complete list of the stockholders entitled to vote, arranged in alphabetical order and showing the address of each stockholder and the number of shares of each stockholder.  The list will be available for inspection by any stockholder of record as required by applicable law.

Section 9.    Voting.  Each stockholder entitled to vote at a meeting of stockholders may vote either in person or authorize another person or persons to act for him or her by proxy, but no such proxy shall be voted or acted upon after three (3) years from its date, unless the proxy provides for a longer period. A duly executed proxy shall be irrevocable if it states that it is irrevocable and if, and only as long as, it is coupled with an interest sufficient in law to support an irrevocable power, regardless of whether the interest with which it is coupled is an interest in the stock itself or an interest in the Corporation generally. A stockholder may revoke any proxy which is not irrevocable by attending the meeting and voting in person or by filing an instrument revoking the proxy or another duly executed proxy bearing a later date with the Secretary of the Corporation.

Except as otherwise provided by the General Corporation Law of the State of Delaware as from time to time in effect, including any successor provisions of law (the "DGCL"), or by the Restated Certificate of Incorporation of the Corporation or any amendments thereto, every stockholder shall at every meeting of the stockholders be entitled to one vote (or such other number of votes as shall be provided in the Restated Certificate of Incorporation, including any certificate of designation, with respect to any class or series of stock) in person or by proxy for each share of common stock registered in his or her name on the record of stockholders.  At all meetings of stockholders, all matters will be determined by the affirmative vote of the majority in voting power of shares present in person or by proxy and entitled to vote

on the subject matter, except as otherwise provided by statute, applicable stock exchange rules, any rule or regulations applicable to the Corporation or its securities, the Restated Certificate of Incorporation, or these Bylaws and except that directors shall be elected by a plurality vote. Voting at meetings of stockholders need not be by written ballot.

Section 10. _Conduct of Meetings_. All regular or special meetings of the stockholders shall be presided over by the Chairman of the Board, if any, or in the absence of the Chairman of the Board by the Vice Chairman of the Board, if any, or in the absence of the Vice Chairman of the Board by the Chief Executive Officer, or in the absence of the Chief Executive Officer, by the President, or in the absence of the President by a Vice President, or in the absence of the foregoing persons by a chairman designated by the Board of Directors, or in the absence of such designation by a chairman chosen at the meeting. To the maximum extent permitted by law, the presiding person will have the power to set procedural rules governing all aspects of the conduct of the meetings, including, but not limited to, rules respecting the time allotted to stockholders to speak. The Secretary of the Corporation will act as secretary of each meeting. In the absence of the Secretary, the chairman of the meeting will appoint any person to act as secretary of the meeting.

Section 11. _Certain Rules of Procedure Relating to Stockholder Meetings_. The chairman of the meeting shall preside over and conduct the meeting in a fair and reasonable manner, and all questions of procedure or conduct of the meeting shall be decided solely by the chairman of the meeting. The chairman of the meeting shall have all power and authority vested in a presiding officer by law or practice to conduct an orderly meeting.

ARTICLE III
DIRECTORS

Section 1. _Qualifications_. Directors of the Corporation need not be stockholders or a resident of the State of Delaware. Each director must have attained the age of majority. For so long as Loral Space & Communications Inc., a Delaware corporation ("Loral"), is the owner, directly or indirectly, of one hundred percent (100%) of the outstanding shares of capital stock of the Corporation entitled to vote at meetings of directors, each director of the Corporation must be a director of Loral in order to be qualified to serve as a director of the Corporation. Each director of the Corporation shall hold office until the next annual meeting of shareholders or until such earlier date when he or she is no longer a director of Loral or until his or her earlier resignation or removal.

Section 2. _Resignation of Directors_. Any director may resign at any time upon written notice or notice by electronic transmission to the Board of Directors or to the Chief Executive Officer, the President or the Secretary of the Corporation. Such resignation shall take effect at the time specified therein, and unless otherwise specified therein no acceptance of such resignation shall be necessary to make it effective.

Section 3.     <u>Filling of Vacancies</u>.  Any vacancy among the directors, occurring from any cause whatsoever, may be filled by a majority of the remaining directors, though less than a quorum, <u>provided</u>, <u>however</u>, that the stockholders removing any director may at the same meeting fill the vacancy caused by such removal, and <u>provided</u>, <u>further</u>, that if the directors fail to fill any such vacancy, the stockholders may at any special meeting called for that purpose fill such vacancy.  In case of any increase in the number of directors, the additional directors may be elected by the directors in office before such increase.  Any person elected to fill a vacancy shall hold office, subject to the right of removal as hereinbefore provided, until the next annual election and until his successor is elected and qualifies.

Section 4.     <u>Regular Meetings</u>.  The Board of Directors will hold an annual meeting for the purpose of organization and the transaction of any business immediately after the annual meeting of the stockholders, provided a quorum of directors is present.  Other regular meetings may be held at any time as may be determined from time to time by resolution of the Board of Directors.

Section 5.     <u>Special Meetings</u>.  Special meetings of the Board of Directors may be called by any three or more members of the Board of Directors, the Chairman of the Board of Directors or by the Chief Executive Officer or President.

Section 6.     <u>Notice and Place of Meetings</u>.  Meetings of the Board of Directors may be held at the principal office of the Corporation, or at any other place as is stated in the notice of such meeting.  Notice of any special meeting, and except as the Board of Directors may otherwise determine by resolution, notice of any regular meeting, will be mailed to each director addressed to him or her at his residence or usual place of business at least two (2) days before the day on which the meeting is to be held, or if sent to him or her at such place by telegraph, cable, electronic transmission or facsimile, or delivered personally or by telephone, not later than the day before the day on which the meeting is to be held.  No notice of the annual meeting of the Board of Directors will be required if it is held immediately after the annual meeting of the stockholders and if a quorum is present.

Section 7.     <u>Business Transacted at Meetings, etc.</u>  Any business may be transacted and any corporate action may be taken at any regular or special meeting of the Board of Directors at which a quorum is present, whether the business or proposed action is stated in the notice of that meeting or not, unless special notice of such business or proposed action is required by statute.

Section 8.     <u>Quorum</u>.  Two-thirds of the total number of directors authorized at the time will constitute a quorum.  At any meeting at which a quorum is present, except as otherwise provided in the Corporation's Restated Certificate of Incorporation, each director shall have one vote and the vote of a majority of the members present will be the act of the Board of Directors unless the act of a greater number is specifically required by law or by the Restated Certificate of Incorporation or these Bylaws.  If a quorum shall not be present at any meeting of the Board of

Directors, the directors present threat may adjourn the meeting from time to time, without notice other than announcement at the meeting, until a quorum shall be present.

Section 9.     Compensation.  The directors will receive such compensation and reimbursement as may be determined by the Board of Directors from time to time.  Members of special or standing committees of the Board of Directors may be allowed such compensation as may be determined by the Board of Directors for attending committee meetings.  Nothing herein contained shall preclude any director from serving the Corporation in any other capacity, as an officer, employee, agent or otherwise, and receiving compensation therefor.

Section 10.     Action Without a Meeting.  Any action required or permitted to be taken at any meeting of the Board of Directors, or of any committee of the Board of Directors, may be taken without a meeting if all members of the Board of Directors or committee, as the case may be, consent to the action in writing or by electronic transmission, and the writing or writings or electronic transmission or transmissions are filed with the minutes of the proceedings of the Board of Directors or committee.  Such filing shall be in paper form if the minutes are maintained in paper form and shall be in electronic form if the minutes are maintained in electronic form.

Section 11.     Meetings Through Use of Communications Equipment.  Members of the Board of Directors, or any committee designated by the Board of Directors, will, except as otherwise provided by law, the Restated Certificate of Incorporation or these Bylaws, have the power to participate in a meeting of the Board of Directors, or any committee, by means of a conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and this participation will constitute presence in person at the meeting.

Section 12.     Organization.  Meetings of the Board of Directors shall be presided over by the Chairman of the Board, if any, or in the absence of the Chairman of the Board by the Vice Chairman of the Board, if any, or in the absence of the Vice Chairman of the Board by the Chief Executive Officer, or in the absence of the Chief Executive Officer by the President or in the absence of the foregoing persons by a chairman chosen at the meeting. The Secretary, or in the absence of the Secretary, an Assistant Secretary shall act as secretary of the meeting, but in the absence of the Secretary and any Assistant Secretary, the chairman of the meeting may appoint any person to act as the secretary of the meeting.

ARTICLE IV
COMMITTEES

Section 1.     Committees.  The Board of Directors may appoint any committee, which committee or committees shall hold office for an amount of time and have powers and perform duties as may from time to time be assigned to them by the Board of Directors.  Such committee or committees shall have such name or names as may be determined from time to time by resolution adopted by the Board of Directors.

Section 2.    Alternate Members of Committees.  The Board of Directors may designate one or more directors as alternate members of any committee.  Any such alternate member may replace any absent or disqualified member at any meeting of the committee.  If no alternate committee members have been so appointed to a committee or each such alternate committee member is absent or disqualified, the member or members of such committee present at any meeting and not disqualified from voting, whether or not he or they constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in the place of any such absent or disqualified member.

Section 3.    Committee Rules.  Each committee of the Board of Directors may adopt, amend and repeal rules for the conduct of its business and shall hold its meetings as provided by such rules, except as may otherwise be provided by a resolution of the Board of Directors designating such committee.

Section 4.    Resignation and Removal.  Any member of a committee may resign at any time.  This resignation will be made in writing or by electronic transmission and will take effect at the time specified in the resignation, or, if no time is specified, at the time of its receipt by the Chairman of the Board of Directors, Chief Executive Officer, President or Secretary.  The acceptance of a resignation will not be necessary to make it effective unless so specified in the resignation.

Any member of these committees may be removed at any time, with or without cause, by the Board of Directors.  Any vacancy in a committee occurring from any cause whatsoever may be filled by the Board of Directors.

Section 5.    Quorum.  In the absence of a provision by the Board or a provision in the rules of such committee to the contrary, a majority of the members of a committee shall constitute a quorum.  The act of a majority of the members of a committee present at any meeting at which a quorum is present will be the act of the committee.

Section 6.    Record of Proceedings, etc.  Each committee will keep a record of its acts and proceedings, and will report the same to the Board of Directors when and as required by the Board of Directors.

Section 7.    Organization, Meetings, Notices, etc.  Regular meetings of any committee may be held without notice at such time and place as may be designated from time to time by resolution by the committee and communicated to all members thereof.  Special meetings of any committee may be held whenever called by any committee member.  Unless otherwise ordered by the Board of Directors, any notice of a meeting of a committee may be given by the Secretary of the Corporation or by the chairman of the committee and will be sufficient if mailed to each member at his residence or usual place of business at least two (2) days before the day on which the meeting is to be held, or if sent to him or her at that place by telegraph, cable, electronic transmission or facsimile, or delivered personally or by telephone not later than twenty-four (24)

hours before the time at which the meeting is to be held.

## ARTICLE V
## OFFICERS AND CHAIRMAN

Section 1.　　Number.　The officers of the Corporation shall be a Chief Executive Officer, a President, and may include a Chief Financial Officer, one or more Vice Presidents, a Secretary, one or more Assistant Secretaries, a Treasurer, and one or more Assistant Treasurers, and such other officers as may be appointed in accordance with the provisions of Section 3 of this Article V.　The Board of Directors in its discretion may also elect a Chairman and a Vice Chairman of the Board of Directors, each of which, in the Board of Directors' discretion, may also be an officer of the Corporation.　In its discretion, the Board of Directors may choose not to fill any office for any period as it may deem advisable, except that the offices of President and Secretary shall be filled as expeditiously as possible.　New offices may be created and filled at any meeting of the Board of Directors.

Section 2.　　Election, Term of Office and Qualifications.　The officers, except as provided in Section 3 of this Article V, will be chosen annually by the Board of Directors.　Each officer will, except as otherwise provided in the Bylaws, hold office until his successor is chosen and qualified or until his or her earlier death, incapacity, resignation or removal as hereinafter provided.　Except as otherwise provided by law, any number of offices may be held by the same person.

Section 3.　　Other Officers.　Other officers, including one or more additional Vice Presidents, Assistant Secretaries or Assistant Treasurers, may from time to time be appointed by the Board of Directors or an officer or committee of the Corporation vested with such authority, which other officers shall have powers and perform duties as may be assigned to them by the Board of Directors or the officer or committee appointing them.

Section 4.　　Removal of Officers.　Any officer of the Corporation may be removed from office, with or without cause, by the Board of Directors whenever in its judgment the best interests of the Corporation would be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person so removed, but the election of an officer shall not of itself create contractual rights.

Section 5.　　Resignation.　Any officer of the Corporation may resign at any time.　This resignation shall be in writing or by electronic transmission and take effect at the time specified in the resignation, or if no time is specified, at the time of its receipt by the Chief Executive Officer, President or Secretary.　The acceptance of a resignation shall not be necessary in order to make it effective, unless so specified in the resignation.

Section 6.　　Filling of Vacancies.　A vacancy in any office will be filled by the Board of Directors or by the authority appointing the predecessor in such office.

Section 7.     Compensation.  The compensation of the officers will be fixed by the Board of Directors, or by any committee upon whom power in that regard may be conferred by the Board of Directors.

Section 8.     Chairman of the Board.  The Chairman of the Board of Directors, if any, will be a director of the Corporation, and should he or she cease to be a director, he or she shall ipso facto cease to be Chairman.  The Chairman of the Board, if any, will have power to call special meetings of the stockholders or of the Board of Directors at any time.  The Chairman of the Board, if any, shall preside at all meetings of the Board of Directors and of the stockholders at which he or she shall be present and shall have and may exercise such powers as may, from time to time, be assigned to him or her by the Board of Directors or as may be provided by law.  A director that is not otherwise an officer of the Corporation that is elected to be Chairman of the Board of Directors shall not be deemed an officer of the Corporation by virtue of such election.

Section 9.     Vice Chairman of the Board.  The Vice Chairman of the Board, if any, shall preside at all meetings of the Board of Directors and of the stockholders at which the Chairman of the Board is not present.  The Vice Chairman of the Board shall have and may exercise such powers as may, from time to time, be assigned to him or her by the Board of Directors or as may be provided by law.  A director that is not otherwise an officer of the Corporation that is elected to be Vice Chairman of the Board of Directors shall not be deemed an officer of the Corporation by virtue of such election.  Without limitation to any other provision in these Bylaws, the Vice Chairman, if any, shall have (i) full access to all information as the Vice Chairman shall request relating to the Corporation's business and operations and, following notification to the Chief Executive Officer, all employees of the Corporation and its subsidiaries; and (ii) the right to bring any matter to the attention of the Board of Directors for its consideration.

Section 10.     Chief Executive Officer.  The Chief Executive Officer will have power to call special meetings of the stockholders or of the Board of Directors at any time.  He or she will be the chief executive officer of the Corporation, and will have the general direction of the business, affairs and property of the Corporation, and of its several officers, and will have and exercise all the powers and discharge the duties as usually pertain to the office of Chief Executive Officer.

Section 11.     President.  The President will have power to call special meetings of the stockholders or of the Board of Directors at any time.  He or she will assist the Chief Executive Officer (and, in the Chief Executive Officer's absence, act as Chief Executive Officer) in the general direction of the business, affairs and property of the Corporation, and of its several officers, and will have and exercise all the powers and discharge the duties as usually pertain to the office of President, subject to the direction of the Chief Executive Officer.

Section 12.     Vice Presidents.  The Vice Presidents, or any of them, will, subject to the direction of the Board of Directors, at the request of the Chief Executive Officer or in the absence of both the Chief Executive Officer and the President, or in case of their inability to

perform their duties from any cause, perform the duties of the Chief Executive Officer and, when so acting, will have all the powers of, and be subject to all restrictions upon, the Chief Executive Officer. There shall be no duties that are incident to the office of Vice President, other than those which are specifically assigned by the Board of Directors, the President or the Chief Executive Officer.

Section 13. <u>Chief Financial Officer</u>. Subject to the direction of the Board of Directors, the Chief Executive Officer and the President, the Chief Financial Officer shall be responsible for the financial affairs of the Corporation and will have and exercise all the powers and discharge the duties as usually pertain to the office of Chief Financial Officer.

Section 14. <u>Secretary</u>. The Secretary will keep the minutes of all meetings of the stockholders and all meetings of the Board of Directors and any committee in books provided for that purpose. Under the supervision of the Chief Executive Officer and the President, the Secretary shall give, or cause to be given, all notices required to be given by these Bylaws. The Secretary, or an Assistant Secretary, shall have authority to affix the corporate seal to any instrument requiring it and when so affixed, it may be attested by his or her signature or by the signature of such Assistant Secretary. The Board of Directors may give general authority to any other officer to affix the seal of the Corporation and to attest the affixing by his or her signature. The Assistant Secretary, or if there be more than one (1), the Assistant Secretaries in the order determined by the Board of Directors, shall, in the absence or disability of the Secretary, perform the duties and exercise the powers of the Secretary and shall perform such other duties and have such other powers as the Board of Directors, the President or the Chief Executive Officer may, from time to time, prescribe. The Secretary will perform the duties and have all other powers that are incident to the office of Secretary, or as may from time to time be assigned to him or her by the Board of Directors, or as are prescribed by these Bylaws.

Section 15. <u>Treasurer</u>. The Treasurer will have custody of all the funds and securities of the Corporation which may be delivered into his or her possession. He or she may endorse on behalf of the Corporation for collection, checks, notes and other obligations and will deposit the same to the credit of the Corporation in a depository or depositories of the Corporation, and may sign all receipts and vouchers for payments made to the Corporation. He or she will enter or cause to be entered regularly in the books of the Corporation kept for that purpose, full and accurate accounts of all monies received and paid on account of the Corporation and whenever required by the Board of Directors will render statements of the accounts. The Treasurer will perform the duties and have all other powers that are incident to the office of Treasurer or that are assigned to him or her by the Board of Directors.

Section 16. <u>Other Officers, Assistant Officers and Agents.</u> Officers and assistant officers, other than those whose duties are provided for in these Bylaws, shall have such authority and perform such duties as may from time to time be prescribed by resolution of the Board of Directors which is not inconsistent with these Bylaws.

# ARTICLE VI
## CAPITAL STOCK

Section 1.    Issue of Certificates of Stock.  Certificates of capital stock will be in the form approved by the Board of Directors.  The certificates will be numbered in the order of their issue and will be signed by the Chairman of the Board, or the President or a Vice President, and by the Treasurer or an Assistant Treasurer, or the Secretary or an Assistant Secretary, and the seal of the Corporation or a facsimile of the seal will be impressed or affixed or reproduced on the certificates, provided, however, that (i) the signature of the Chairman of the Board, President, Vice President, Secretary, Assistant Secretary, Treasurer or Assistant Treasurer may be facsimile and (ii) if such a certificate is manually signed by one officer or manually countersigned (a) by a transfer agent or an assistant transfer agent other than the Corporation or its employee or (b) by a registrar, other than the Corporation or its employee, any other signatures on the certificate may be facsimiles.  In case any officer or officers who have signed, or whose facsimile signature or signatures have been used on any certificate or certificates ceases to be an officer of the Corporation, whether because of death, resignation or otherwise, before that certificate or certificates are delivered by the Corporation, that certificate or certificates may nevertheless be adopted by the Corporation and be issued and delivered as though the person or persons who signed that certificate or certificates, or whose facsimile signature or signatures is used thereon have not ceased to be an officer or officers of the Corporation.

Section 2.    Registration and Transfer of Shares.  The shares of capital stock of the Corporation shall be issued in registered form.  The name of each person owning a share of the capital stock of the Corporation shall be entered on the books of the Corporation together with the number of shares held by him, the numbers of the certificates covering such shares and the dates of issue of such certificates.  The shares of stock of the Corporation shall be transferable on the books of the Corporation by the holders thereof in person, or by their attorneys or legal representatives duly authorized in writing, on surrender and cancellation of certificates for a like number of shares, accompanied by an assignment or power of transfer endorsed thereon or attached thereto, duly executed, and with such proof of the authenticity of the signature as the Corporation or its agents may reasonably require, and accompanied by any necessary stock transfer stamps.  A record shall be made of each transfer.

Section 3.    Lost, Destroyed and Mutilated Certificates.  The holder of any stock of the Corporation will immediately notify the Corporation of any loss, theft, destruction or mutilation of the certificates.  The Corporation may issue a new certificate of stock in the place of any certificate previously issued by it and alleged to have been lost, stolen or destroyed, and the Board of Directors may, in its discretion, require the owner of the lost, stolen or destroyed certificate, or his legal representatives, to give the Corporation a bond, in such sum and with such surety or sureties as they may require, to indemnify it against any claim that may be made against it by reason of the issue of the new certificate and against all other liability in the premises, or may remit the owner to any remedy or remedies he or she may have under the laws of the State of Delaware.

Section 4.     Transfer Agent and Registrar; Regulations.  The Corporation shall, if and whenever the Board of Directors shall so determine, maintain one or more transfer offices or agencies, each in the charge of a transfer agent designated by the Board of Directors, where the shares of the capital stock of the Corporation shall be directly transferable, and also one or more registry offices, each in the charge of a registrar designated by the Board of Directors, where such shares of stock shall be registered, and no certificate for shares of the capital stock of the Corporation, in respect of which a Registrar and/or Transfer Agent shall have been designated, shall be valid unless countersigned by such Transfer Agent and registered by such Registrar, if any.  The Board of Directors shall also make such additional rules and regulations as it may deem expedient concerning the issue, transfer and registration of certificates for shares of the capital stock of the Corporation.

Section 5.     Beneficial Owners.  The Corporation shall be entitled to recognize the exclusive right of a person registered on its books as the owner of shares to receive dividends and to vote as such owner, and the Corporation may hold liable for calls and assessments a person registered on its books as the owner of shares, and shall not be bound to recognize any equitable or other claim to or interest in such shares on the part of any other person, whether or not the Corporation shall have express or other notice thereof, except as otherwise provided by law.

ARTICLE VII
MISCELLANEOUS PROVISIONS

Section 1.     Fiscal Year.  The fiscal year of the Corporation shall be the calendar year unless another fiscal year is fixed by resolution of the Board of Directors.

Section 2.     Corporate Seal.  The corporate seal will be in the form approved by the Board of Directors and may be altered at its pleasure.  The corporate seal may be used by causing it or a facsimile of the seal to be impressed or affixed or reproduced or otherwise.

Section 3.     Notices.  Subject to the requirements of applicable law, any notice required to be given by these Bylaws will be sufficient if given by (i) depositing the same in a post office or letter box in a sealed postpaid wrapper addressed to the person entitled to the notice at his or her address, as the same appears upon the books of the Corporation, (ii) telegraphing or cabling the same to that person at that address, (iii) electronically transmitting to an email address designated upon the books of the Corporation, if any, (iv) facsimile transmission to a number designated upon the books of the Corporation, if any, or (v) any other lawful means; and the notice will be deemed to be given at the time it is mailed, telegraphed, cabled, electronically transmitted, sent by facsimile or sent by such other lawful means.

Section 4.     Waiver of Notice.  Any director may at any time, by writing or by telegraph, cable, electronic transmission, or facsimile transmission, waive any notice required to be given under these Bylaws.  If any director is present at any meeting his or her presence will constitute a waiver of notice, unless the director attends the meeting for the express purpose of

objecting at the beginning of the meeting to holding the meeting because the meeting is not lawfully called or convened.

Section 5. Checks, Drafts, etc. All checks, drafts or other orders for the payment of money, notes or other evidences of indebtedness issued in the name of the Corporation will be signed by an officer or officers, or agent or agents of the Corporation, and in such manner, as will from time to time be designated by resolution of the Board of Directors.

Section 6. Deposits. All funds of the Corporation will be deposited from time to time to the credit of the Corporation in a bank or banks, trust companies or other depositories as the Corporation may select, and, for the purpose of the deposit, checks, drafts, warrants and other orders for the payment of money which are payable to the order of the Corporation, may be endorsed for deposit, assigned and delivered by any officer of the Corporation, or by agents of the Corporation as the Board of Directors, the Chief Executive Officer or the President may authorize for that purpose.

Section 7. Voting Securities of Other Entities. Except as otherwise ordered by the Board of Directors, any of the Chief Executive Officer, the President and the Treasurer shall have full power and authority on behalf of the Corporation to attend and to act and to vote at any meeting of the holders of securities of any entity of which the Corporation is a securityholder, and to execute a proxy to any other person to represent the Corporation at any meeting, and at any meeting of the holders of securities of any entity of which the Corporation is a securityholder. The Chief Executive Officer, the President or the Treasurer or the holder of any proxy, as the case may be, will possess and may exercise any and all rights and powers incident to ownership of the security which the Corporation might have possessed and exercised if present. The Board of Directors may from time to time confer like powers upon any other person or persons.

Section 8. Inconsistent Provisions. In the event that any provision of these Bylaws is or becomes inconsistent with any provision of the Restated Certificate of Incorporation, the DGCL or any other applicable law, the provision of these Bylaws shall not be given any effect to the extent of such inconsistency but shall otherwise be given full force and effect.

Section 9. References. Whenever herein the singular number is used, the same shall include the plural where appropriate, and words of any gender should include each other gender where appropriate.

ARTICLE VIII
AMENDMENTS

Except as otherwise provided herein, these Bylaws may be altered, amended, or repealed or new Bylaws may be adopted by the Board of Directors at any regular meeting of the Board of Directors or at any special meeting of the Board of Directors, whether the proposed

alteration, amendment, repeal or addition is stated in the notice of that meeting or not, unless special notice of such alteration, amendment, repeal or addition is required by statute.

Dated:                       , 2005