Weil, Gotshal & Manges LLP
Attorneys for Debtors and
Debtors in Possession
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Stephen Karotkin (SK 7357)
Lori R. Fife (LF 2839)
Shai Y. Waisman (SW 6854)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 Case Nos. |
| LORAL SPACE & COMMUNICATIONS LTD., et al., | LEAD CASE 03-41710 (RDD) 03-41709 (RDD) through 03-41728 (RDD) |
| Debtors. | (Jointly Administered) |

---------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION OF THE DEBTORS
PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY
CODE FOR A FURTHER EXTENSION OF THE EXCLUSIVE
PERIOD DURING WHICH THE DEBTORS MAY SOLICIT
ACCEPTANCES TO THEIR PROPOSED PLAN OF REORGANIZATION**

PLEASE TAKE NOTICE that a hearing on the annexed Motion, dated July 28, 2005 (the "Motion"), of Loral Space & Communications Ltd. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), Pursuant to Section 1121(d) of the Bankruptcy Code for a Further Extension of the Exclusive Period During Which the Debtors May Solicit Acceptances to Their Proposed Plan of Reorganization, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, in Room 610 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"),

Alexander Hamilton House, One Bowling Green, New York, New York, on August 12, 2005 at 10:00 a.m. prevailing Eastern Time (the "Hearing").

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served in accordance with General Order M-242 upon (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq., Lori R. Fife, Esq. and Shai Y. Waisman, Esq.), the attorneys for the Debtors, (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st floor, New York, New York 10004 (Attn: Pamela J. Lustrin, Esq.), (iii) Shearman & Sterling, 599 Lexington Avenue, New York, New York 10022 (Attn: James L. Garrity, Jr., Esq.), attorneys for the Joint Provisional Liquidators appointed by the Supreme Court of Bermuda in respect of certain of the Debtors herein, (iv) Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017, (Attn: Marshall S. Huebner, Esq. and John Fouhey, Esq.), counsel to the agent for the Debtors' prepetition secured lenders, (v) Akin Gump Strauss Hauer & Feld LLP, 590 Madison Avenue, New York, New York 10022 (Attn: David H. Botter, Esq.), the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, and (vi) Sonnenschein Nath &

Rosenthal LLP, 1221 Avenue of the Americas, New York, New York 10020 (Attn: Peter D. Wolfson, Esq. and John A. Bicks, Esq.), the attorneys for the statutory committee of equity security holders appointed in these chapter 11 cases, so as to be filed, served and actually received no later than August 8, 2005 at 4:00 p.m. (prevailing Eastern Time).

Dated: July 28, 2005
      New York, New York

/s/ Stephen Karotkin

Stephen Karotkin (SK 7357)
Lori R. Fife (LF 2839)
Shai Y. Waisman (SW 6854)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

Weil, Gotshal & Manges LLP
Attorneys for Debtors and
Debtors in Possession
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Stephen Karotkin (SK 7357)
Lori R. Fife (LF 2839)
Shai Y. Waisman (SW 6854)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
                                                      :
In re                                                 :   Chapter 11 Case Nos.
                                                      :
LORAL SPACE                                           :   LEAD CASE 03-41710 (RDD)
  & COMMUNICATIONS LTD., et al.,                      :   03-41709 (RDD) through
                                                      :   03-41728 (RDD)
        Debtors.                                      :   (Jointly Administered)
                                                      :
------------------------------------------------------x

## MOTION OF THE DEBTORS PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE FOR A FURTHER EXTENSION OF THE EXCLUSIVE PERIOD DURING WHICH THE DEBTORS MAY SOLICIT ACCEPTANCES TO THEIR PROPOSED PLAN OF REORGANIZATION

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Loral Space & Communications Ltd. ("Loral Ltd.") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors" and, together with their non-debtor subsidiaries, "Loral"), respectfully represent:

### Background

1. On July 15, 2003 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 24, 2003, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors (the "Creditors' Committee"). On March 29, 2005, the U.S. Trustee appointed an official committee of equity security holders.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Loral's Businesses**

3. Loral is one of the world's leading satellite communications companies. Loral's satellite products and services place it in the forefront of the satellite industry in terms of technological innovation and reliability. Loral operates primarily two businesses, a fixed satellite services ("FSS") business, managed and operated through its Loral Skynet division ("Loral Skynet"), and a satellite design and manufacturing business, managed and operated by its Space Systems/Loral, Inc. ("SS/L") subsidiary.

4. Loral's FSS business currently operates an international fleet of five satellites at approximately 22,000 miles above the equator in orbital positions that remain fixed with respect to a given point on earth (i.e. geosynchronous or geostationary). Loral's customers use Loral's satellites to broadcast video entertainment programming and for broadband data transmission, Internet services, private voice and data networks and other communication services throughout the world. To control its

own satellites, as well as those of third parties, Loral Skynet also provides satellite telemetry, tracking and control services. Loral Skynet's satellite services are utilized by some of the world's leading corporations.

5. Loral's SS/L business is one of the world's largest manufacturers of advanced commercial satellites and related satellite systems and it is one of the largest suppliers of commercial satellites worldwide. SS/L designs and manufactures high-powered direct-to-home broadcast satellites, commercial weather satellites, digital audio radio satellites and satellites for data networking applications. Since 1957, SS/L has been awarded contracts to build more than 220 satellites and has amassed more than 1,000 years of cumulative on-orbit service – including more than 330 years over and above the contracted life of the satellites.

6. In furtherance of these chapter 11 cases, on July 15, 2003, Loral Ltd. and Loral Licensing Ltd. (collectively, the "Bermuda Group"), which are incorporated in Bermuda, commenced coordinated proceedings in the Supreme Court of Bermuda. The Supreme Court of Bermuda issued an order appointing certain principals of KPMG International as Joint Provisional Liquidators (the "JPLs"). The Supreme Court of Bermuda has also empowered and directed the JPLs to oversee the continuation of the Bermuda Group under the control of their Board of Directors and under the supervision of the Supreme Court of Bermuda and this Court in effecting a plan of reorganization under the Bankruptcy Code.

7. On March 17, 2004, the Debtors consummated the Court approved sale of their North American satellites and related assets to Intelsat, Ltd. and Intelsat

(Bermuda), Ltd. The proceeds of the sale were utilized to satisfy the claims of the Debtors' secured institutional bank lenders.

8. As of December 31, 2004, the consolidated financial statements of Loral reflected assets totaling approximately $1.2 billion and liabilities totaling approximately $2.3 billion. As of December 31, 2004, Loral had approximately 1,650 full-time employees, of whom approximately 2% are subject to collective bargaining agreements.

## Jurisdiction

9. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Exclusive Periods

10. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a plan of reorganization. Section 1121(c)(3) of the Bankruptcy Code provides that, if the debtor files a plan within the 120-day exclusive period, it has an initial period of 180 days after the commencement of the chapter 11 case to obtain acceptance of such plan, during which time period competing plans may not be filed. The periods under sections 1121(b) and 1121(c)(3) are commonly referred to as the "Exclusive Periods."

11. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors have previously requested extensions of the Exclusive Periods and, on November 12, 2003, March 17, 2004, July 1, 2004 and July 27, 2004, the Court entered orders (collectively, the "Extension Orders") extending the exclusive period during which the

Debtors may file a chapter 11 plan (the "Filing Period") and the period during which the Debtors may solicit acceptances thereof (the "Solicitation Period") to and including August 27, 2004 and October 27, 2004, respectively, without prejudice to their right to seek other and further extensions of the Exclusive Periods as may be appropriate under the circumstances then prevailing.

## The Plan and Disclosure Statement

12. On August 19, 2004, within the Debtors' Filing Period established in the Extension Orders, the Debtors filed a proposed joint plan of reorganization (the "Plan"). Contemporaneously therewith, the Debtors filed a motion requesting an extension of the time by which the Debtors must file a proposed disclosure statement with respect to the Plan. By Orders dated September 15, 2004 and October 14, 2004, the Court extended the Debtors' time to file a proposed disclosure statement up to and including October 22, 2004. In view of the fact that the Debtors had not yet filed a proposed disclosure statement, on October 14, 2004, the Court also entered an Order extending the Soliciation Period to and including December 27, 2004.

13. Following further negotiations with the Creditors' Committee, on October 22, 2004, the Debtors filed their First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "First Amended Plan") and the proposed Disclosure Statement related thereto (the "First Disclosure Statement").

14. On November 19, 2004, the Debtors filed a motion seeking approval of, among other things, the First Disclosure Statement and various procedures in connection with the solicitation of votes with respect to a Plan (the "Solicitation Motion"). Pursuant to the Solicitation Motion, a hearing pursuant to section 1125 of the

Bankruptcy Code on the adequacy of the First Disclosure Statement was scheduled for December 6, 2004 (the "Disclosure Statement Hearing").

15. At the time of filing the First Amended Plan and First Disclosure Statement, the Debtors and the Creditors' Committee were continuing to review certain issues related thereto. In addition, objections to the approval of the First Disclosure Statement were filed by various parties in interest (collectively, the "Objections"), including, among others, certain holders of trade claims against SS/L (collectively, the "Trade Creditors"). On December 5, 2004, after further negotiations with the Creditors' Committee, the Debtors filed their Second Amended Joint Plan of Reorganization (the "Second Amended Plan") and the Disclosure Statement for Debtors' Second Amended Joint Plan of Reorganization (the "Second Amended Disclosure Statement"), which contained certain modifications agreed to between the Debtors and the Creditors' Committee as well as additional language to address certain of the Objections.

16. At the Disclosure Statement Hearing, the Court overruled substantially all of the Objections and the issues raised therein. The Court stated that upon further revision of the Second Amended Disclosure Statement to include certain suggested modifications, subject to further review by the Court, the Second Amended Disclosure Statement would be approved. The Disclosure Statement Hearing was therefore continued to permit revision of the Second Amended Disclosure Statement as requested by the Court and, in part, to allow the Debtors, the Creditors' Committee and the Trade Creditors to attempt to resolve their disputes.

17. Subsequent to the Disclosure Statement Hearing on December 6, 2004, the Debtors and the Creditors' Committee and their respective professionals met on

several occasions with the Trade Creditors and their professionals in order to achieve a global consensus with respect to the terms and provisions of a plan of reorganization. On December 21, 2004, in view of the ongoing good-faith discussions regarding the Second Amended Plan and Second Amended Disclosure Statement, the Debtors filed a motion requesting a further extension of the Solicitation Period. On January 11, 2005, the Court entered an Order extending the Soliciation Period to and including March 31, 2005.

18. On March 22, 2005, the Debtors filed a motion requesting additional time to file the Disclosure Statement for Debtors' Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Third Amended Disclosure Statement"). In addition, the Debtors filed a motion requesting a further extension of the Solicitation Period. On March 22, 2005, the Court entered an Order extending the time for the Debtors to file the Third Amended Disclosure Statement to and including April 1, 2005 and an Order further extending the Solicitation Period to and including May 31, 2005. Immediately thereafter, the Debtors, with the consent of the Creditors' Committee and the Trade Creditors, filed their Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated March 22, 2005 (the "Third Amended Plan"), and on March 28, 2005, the Debtors filed the Third Amended Disclosure Statement.

### Appointment of the Equity Committee and Further Adjournment of the Disclosure Statement Hearing

19. On March 24, 2005, the U.S. Trustee determined to appoint an Official Committee of Equity Security Holders (the "Equity Committee") in the Debtors' chapter 11 cases pursuant to section 1102 of the Bankruptcy Code, and on March 29, 2005, the U.S. Trustee appointed seven members of the Equity Committee. At a status

conference with the Court on March 30, 2005, which was attended by the attorneys for the Debtors and the Creditors' Committee and by Sonnenschein Nath & Rosenthal LLP in its former role as the attorneys for the ad hoc committee of preferred shareholders, the Court set May 10, 2005 as the date of the Disclosure Statement Hearing.

20. On May 2, 2005, the Equity Committee filed an expedited motion requesting an adjournment of the Disclosure Statement Hearing. On May 5, 2005, the Debtors and the Creditors Committee each filed an objection to the expedited motion. At a hearing held on May 6, 2005, the Court adjourned the Disclosure Statement Hearing to June 1, 2005, in part to provide the Equity Committee with additonial time to review and analyze the Third Amended Disclosure Statement.

21. On May 11, 2005, in view of the fact that, in accordance with section 1125(b) of the Bankruptcy Code, the Debtors were unable to begin to solicit acceptances of the Third Amended Plan until the Third Amended Disclosure Statement was approved by the Court and the fact that the Disclosure Statement Hearing had been adjourned to June 1, 2005, the Debtors filed a motion requesting a further extension of the Solicitation Period. On June 1, 2005, the Court entered an Order further extending the Solicitation Period to and including August 1, 2005.

22. On June 3, 2005, the Debtors filed their Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankrutpcy Code (the "Fourth Amended Plan") and the Disclosure Statement related thereto (the "Fourth Amended Disclosure Statement"), which reflect certain modifications agreed to among the Debtors, the Creditors' Committee and the Equity Committee, as well as additional language requested by the Court at the Disclosure Statement Hearing. As a result of such

modifications and for the reasons stated on the record of the Disclosure Statement Hearing, on June 3, 2005, the Court entered an Order approving the Fourth Amended Disclosure Statement.

23. On June 9, 2005 the Debtors commenced the solicitation of votes to accept or reject the Fourth Amended Plan, which voting was completed on or about July 11, 2005. As reflected in the Certification of Jane Sullivan With Respect to Tabulation of Votes on the Debtors Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, sworn to on July 11, 2005 [Docket No. 2175], the Fourth Amended Plan has been accepted by an overwhelming number of the Debtors' creditors in dollars and numbers.

## The Fourth Amended Plan Has Been Confirmed

24. As evidenced by the certification, dated July 11, 2005, filed by the Court-appointed voting tabulation agent [Docket No. 2175], the Fourth Amended Plan received nearly unanimous support in both amount and number by all impaired classes of creditors entitled to vote thereon. The hearing with respect to confirmation of the Fourth Amended Plan (the "Confirmation Hearing") commenced on July 13, 2005 and continued on July 15, 18, 19, 20, 21 and 25, 2005, during which time the Debtors, the Creditors' Committee, the Equity Committee and certain other parties in interest presented their cases. On July 25, 2005, for the reasons set forth on the record of the Confirmation Hearing, the Court confirmed the Fourth Amended Plan.

25. In view of the foregoing, the Debtors submit that a further extension of the Solicitation Period is warranted to afford the Debtors sufficient time to conclude these chapter 11 cases and avoid the significant harm that would result if the

Fourth Amended Plan does not become effective within the period of time prescribed therein.

## Relief Requested

26. By this motion, the Debtors request a further extension of the Solicitation Period under section 1121(c)(3) of the Bankruptcy Code for an additional one hundred and twenty (120) days, to and including November 29, 2005, without prejudice to their right to seek other or further extensions of the Solicitation Period as may be appropriate.

## Cause Exists to Extend the Debtors' Solicitation Period

27. The Exclusive Periods under section 1121 of the Bankruptcy Code are intended to afford a debtor a full and fair opportunity to prepare a chapter 11 plan and solicit acceptances thereof without the disruption to its business that might be caused by the premature filing of competing plans and the attendant disruption in the administration of the debtor's case.

28. Where the initial 180-day Exclusive Period or any interim extensions thereof prove to be an unrealistic time frame within which a debtor may otherwise be compelled to file a plan of reorganization or solicit acceptances thereof, section 1121(d) of the Bankruptcy Code provides that a debtor's Exclusive Periods can be extended for cause as follows:

> [o]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d). See 11 U.S.C. § 1121(c). Although the term "cause" is not defined in the statute, the legislative history indicates that it is intended to be a flexible standard

to balance the competing interests of a debtor and its creditors. See H.R. Rep. No. 595, 95th Cong., 2d. Sess. 231, 232 (1978) (bankruptcy courts are given flexibility to increase the 120-day period depending on the circumstances of the case).

29. The existence of good faith progress toward reorganization and the need for more time to continue such progress has been recognized as a significant factor in establishing cause for extending the Exclusive Periods under section 1121(d). See, e.g., In re McLean Industries, Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) ("In finding cause, courts have relied on, in addition to the need of the creditors committee to negotiate with the debtor . . . the existence of good faith progress toward reorganization"); see also In re Ames Dep't Stores, Inc., No. M-47 (PKL), 1991 WESTLAW 259036, *2-3 (S.D.N.Y. 1991) (debtors' good faith effort in moving case forward toward reorganization is a factor constituting cause for an extension of the exclusive periods; District Court also noted that "purpose of the Bankruptcy Code's exclusivity period is to allow the debtor flexibility to negotiate with its creditors"); In re Interco, Inc., 137 B.R. 999, 1001 (Bankr. E.D. Mo. 1992) ("The Court finds and concludes from the record that the Debtors are making good faith progress toward reorganization, and that they are acting in good faith as these cases progress toward reorganization").

30. The Debtors submit that the requested extension of the Solicitation Period is necessary and appropriate. As discussed, the Fourth Amended Plan, which represents the culmination of the efforts of the Debtors, the Creditors' Committee and the Trade Creditors to resolve a multitude of issues and arrive at a consensual plan, has been confirmed. Absent a further extension of the Solicitation Period, the vast amount of time,

energy and resources that have been expended by all parties throughout the plan negotiation process will have been wasted.

31. Section 12.2 of the Fourth Amended Plan provides that the Debtors will have 120 days from entry of an order confirming the Debtors' Fourth Amended Plan to satisfy all conditions precedent to the effectiveness thereof.[1] In view of the Debtors' substantial progress in these cases and their significant and continued efforts to fulfill such requirements, a further extension of the Solicitation Period is warranted to afford the Debtors sufficient time to consummate the Fourth Amended Plan.

32. As stated above, the current Solicitation Period expires on August 1, 2005. Unless the Solicitation Period is extended, section 1121(c)(3) would permit any party in interest to file its own plan of reorganization after August 1, 2005. An extension of the Solicitation Period for an additional one hundred and twenty days (120) days will facilitate an orderly administration of these cases and promote the Debtors' expeditious and successful emergence from chapter 11. Based upon the progress that has been made to date in these cases, including, most significantly, the confirmation of the Fourth Amended Plan, ample cause exists to further extend the Solicitation Period through November 29, 2005.

### No Party in Interest Will Be Prejudiced By an Extension of the Solicitation Period

33. No parties in interest will be prejudiced as a result of the extension of the Solicitation Period requested herein. As noted in In re Texaco Inc., "extensions are

---

[1] As described on the record of the Confirmation Hearing, it is possible, although not anticipated, that certain authorizations or approvals may not be obtained within such 120 day period. If the effectiveness of the Fourth Amended Plan is delayed as a result of a delay in the receipt of such authorizations or approvals, the Debtors reserve their right to request a further extension of the Solicitation Period as described herein.

impermissible if they are for the purpose of allowing the debtor to prolong reorganization while pressuring a creditor to accede to its point of view on an issue in dispute." 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987). The Debtors are not using the requested extension of the Solicitation Period to exert pressure on any party. Manifestly, the Debtors' Fourth Amended Plan, which is overwhelmingly supported by the impaired classes of creditors entitled to vote thereon in both number and amount, has been confirmed by the Court. The requested extension merely reflects the fact that additional time is necessary to proceed toward the completion of all conditions to the effectiveness of the Fourth Amended Plan.

34. The Debtors submit that under the circumstances of these chapter 11 cases, the requested extension of the Solicitation Period is warranted and in the best interests of the Debtors, their creditors and all other parties in interest. The Debtors' sole purpose in seeking the instant request is to permit them to consummate a consensual reorganization plan that maximizes returns to creditors and preserves the Debtors' businesses. The Debtors believe that the extension is appropriate and justified and will not prejudice any other party in interest.

35. In contrast, terminating the Solicitation Period at this stage would significantly impede the Debtors' emergence from chapter 11. The filing of a competing plan or plans, or even the mere threat of such a filing, would prove extremely disruptive to the Debtors' businesses and reorganization efforts and would serve no purpose other than to decrease value and introduce delay and additional administrative expenses to these cases without any commensurate benefits.

### Waiver of Memorandum of Law

36. This Motion includes citations to the applicable authorities and does not raise any novel issues of law. Accordingly, the Debtors respectfully request that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted.

### Notice

37. Notice of this Motion has been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agent for the Debtors' prepetition secured lenders, (iii) the attorneys for the Creditors' Committee, (iv) the attorneys for the Equity Committee, and (v) those parties entitled to notice pursuant to this Court's Order, dated July 15, 2003, establishing notice procedures in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

38. No previous request for the relief sought herein has been made to this or any other Court other than the previous motions resulting in the extensions described herein.

WHEREFORE the Debtors respectfully request entry of an order pursuant to section 1121(d) of the Bankruptcy Code extending the Solicitation Period to and including November 29, 2005 and granting the Debtors such other and further relief as is just and appropriate.

Dated: July 28, 2005
      New York, New York

_____
Stephen Karotkin (SK 7357)
Lori R. Fife (LF 2839)
Shai Y. Waisman (SW 6854)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case Nos.
                                                            :
LORAL SPACE                                                 :    LEAD CASE 03-41710 (RDD)
    & COMMUNICATIONS LTD., et al.,                          :    03-41709 (RDD) through
                                                            :    03-41728 (RDD)
            Debtors.                                        :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE FURTHER EXTENDING THE EXCLUSIVE PERIOD FOR THE DEBTORS TO SOLICIT ACCEPTANCES TO THEIR PROPOSED PLAN OF REORGANIZATION

Upon the Motion, dated July 28, 2005 (the "Motion"), of Loral Space & Communications Ltd. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") for a further extension of the exclusive period for the Debtors to solicit acceptances to their proposed plan of reorganization (the "Solicitation Period"), all as is more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agent for the Debtors'

prepetition secured lenders, (iii) the attorneys for the official committee of unsecured creditors appointed in these chapter 11 cases, (iv) the attorneys for the official committee of equity security holders appointed in these chapter 11 cases, and (v) those parties entitled to notice pursuant to this Court's Order, dated July 15, 2003, establishing notice procedures in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is GRANTED; and it is further

ORDERED that the Solicitation Period is extended to and including November 29, 2005; and it is further

ORDERED that the relief granted herein is without prejudice to the Debtors' right to request a further extension pursuant to section 1121(d) of the Bankruptcy Code; and it is further

ORDERED that the requirement pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: August __, 2005
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE