Weil, Gotshal & Manges LLP
Attorneys for Debtors and
Reorganized Debtors
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Stephen Karotkin (SK 7357)
Lori R. Fife (LF 2839)
Shai Y. Waisman (SW 6854)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
: 
In re : Chapter 11 Case Nos.
 :
LORAL SPACE : LEAD CASE 03-41710 (RDD)
 & COMMUNICATIONS LTD., et al., : 03-41709 (RDD) through
 : 03-41728 (RDD)
 Reorganized Debtors. : (Jointly Administered)
 :
---------------------------------------------------------x

**NOTICE OF HEARING ON MOTION OF**
**THE REORGANIZED DEBTORS TO FURTHER EXTEND**
**THE DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED**

PLEASE TAKE NOTICE that a hearing on the annexed Motion, dated July 5, 2006 (the "Motion"), of Loral Space & Communications Ltd. and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors" and, as reorganized, the "Reorganized Debtors"), to Further Extend the Date by Which Objections to Claims Must Be Filed, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, in Room 610 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton House, One Bowling Green, New York, New York, on July 17, 2006, at 10:00 a.m. (prevailing Eastern Time).

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court, shall set forth the name of the objecting party, the nature and amount of claims or interests held against the Debtors' estates or property, the basis for the objection, and the specific grounds therefor, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served in accordance with General Order M-242 upon (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq., Lori R. Fife, Esq. and Shai Y. Waisman, Esq.), the attorneys for the Debtors and the Reorganized Debtors, (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Pamela J. Lustrin, Esq.), (iii) Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Attn: James L. Garrity, Jr., Esq.), the attorneys for the Joint Provisional Liquidators appointed by the Supreme Court of Bermuda in respect of certain of the Debtors herein, (iv) Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Attn: Marshall S. Huebner, Esq. and John Fouhey, Esq.), the attorneys for the agent for the Debtors' prepetition secured lenders, (v) Akin Gump Strauss Hauer & Feld LLP, 590 Madison Avenue, New York, New York 10022 (Attn: David H. Botter, Esq.), the attorneys for the statutory committee of unsecured creditors appointed in these

chapter 11 cases and (vi) Sonnenschein Nath & Rosenthal LLP, 1221 Avenue of the Americas, New York, New York 10020-1089 (Attn: Peter D. Wolfson, Esq. and John A. Bicks, Esq.), the attorneys for the official committee of equity security holders appointed in these chapter 11 cases, so as to be filed, served and actually received no later than July 13, 2006, at 4:00 p.m. (prevailing Eastern Time).

Dated: July 5, 2006
      New York, New York

                        /s/ Stephen Karotkin
                        Stephen Karotkin (SK 7357)
                        Lori R. Fife (LF 2839)
                        Shai Y. Waisman (SW 6854)
                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York  10153
                        Telephone:  (212) 310-8000
                        Facsimile:  (212) 310-8007

                        ATTORNEYS FOR DEBTORS AND
                        REORGANIZED DEBTORS

Weil, Gotshal & Manges LLP
Attorneys for Debtors and
Reorganized Debtors
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Stephen Karotkin (SK 7357)
Lori R. Fife (LF 2839)
Shai Y. Waisman (SW 6854)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
: 
In re : Chapter 11 Case Nos.
: 
LORAL SPACE : LEAD CASE 03-41710 (RDD)
 & COMMUNICATIONS LTD., et al., : 03-41709 (RDD) through
: 03-41728 (RDD)
Reorganized Debtors. : (Jointly Administered)
: 
---------------------------------------------------------x

**MOTION OF THE REORGANIZED DEBTORS TO FURTHER**
**EXTEND THE DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Loral Space & Communications Ltd. and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors" and, as reorganized, the "Reorganized Debtors"), respectfully represent:

**Background**

1. On July 15, 2003, each of the Debtors commenced with the United States Bankruptcy Court for the Southern District of New York (the "Court") a voluntary case under chapter 11 of title 11 of the United States Code.

2. On August 1, 2005, this Court entered an Order (the "Confirmation Order") confirming the Debtors' Fourth Amended Joint Plan of Reorganization Under

Chapter 11 of the Bankruptcy Code, as Modified (the "Plan of Reorganization"). The Effective Date (as such term is defined in the Plan of Reorganization) occurred on November 21, 2005.

3. Section 7.1 of the Plan of Reorganization and Paragraph 7 of the Confirmation Order provide that the Reorganized Debtors shall have one-hundred twenty (120) days from the Effective Date to object to proofs of claim (the "Claims Objection Deadline"). Section 7.1 of the Plan of Reorganization and Paragraph 7 of the Confirmation Order also provide that the Claims Objection Deadline may be extended by the Court.

4. Pursuant to the Plan of Reorganization and the Confirmation Order, the Claims Objection Deadline initially was due to expire on March 21, 2006. By Order dated March 17, 2006, the Claims Objection Deadline was extended through and including May 22, 2006, and by Order dated May 16, 2006, the Claims Objection Deadline was further extended through and including July 21, 2006, in each case, without prejudice to the Reorganized Debtors' right to seek further extensions of the Claims Objection Deadline.

**Jurisdiction**

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

6. As noted above, the Claims Objection Deadline currently is due to expire on July 21, 2006. By this Motion, the Reorganized Debtors request an additional sixty (60) day extension of the Claims Objection Deadline, from July 21, 2006 through

and including September 19, 2006, without prejudice to their right to seek a further extension(s) of the Claims Objection Deadline.

**An Additional Extension of the Claims Objection Deadline Is Warranted**

7. As stated, pursuant to Section 7.1 of the Plan of Reorganization and Paragraph 7 of the Confirmation Order, the Court may extend the Claims Objection Deadline. In addition, pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, "when an act is required or allowed to be done at or within a specified period . . . by order of the court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . ." Fed. R. Bankr. P. 9006(b)(1). As set forth below, good and sufficient cause exists in these cases to further extend the Claims Objection Deadline.

8. As stated in the Reorganized Debtors' previous motions seeking an extension of the Claims Objection Deadline, the Debtors, together with certain of their retained professionals, have undertaken a comprehensive review and reconciliation of the approximately 1,200 proofs of claim filed in these cases. As part of the claims reconciliation process, the Debtors and the Reorganized Debtors have filed four omnibus objections and four individual objections to proofs of claim, pursuant to which they have sought to (i) disallow and expunge and (ii) reduce and/or reclassify numerous proofs of claim. To date, the Debtors and the Reorganized Debtors have objected to approximately 850 proofs of claim. In addition, the Debtors and Reorganized Debtors have succeeded in negotiating the settlement of numerous claims asserted against certain of the Debtors'


estates and in obtaining the voluntary withdrawal of various proofs of claim filed in these chapter 11 cases.

9. While the claims reconciliation process is nearly complete, the Reorganized Debtors require additional time to continue negotiating with certain claimants in an effort to resolve their claims without the need to file objections thereto and to finalize the claims reconciliation process. Because these matters are ongoing, the Reorganized Debtors require an extension of the Claims Objection Deadline so as to be sure that the claims process proceeds appropriately and to ensure that any remaining disputed claims are not inadvertently overlooked.

10. Notably, as this Court has recognized, the relief sought herein has been routinely granted in this and other Districts. See In re Loral Space & Communications Ltd., No. 03-41710 (RDD) (Bankr. S.D.N.Y. 2006); In re Adelphia Bus. Solutions, Inc., No. 02-11389 (REG) (Bankr. S.D.N.Y. 2005); In re Formica Corp., No. 02-10969 (BRL) (Bankr. S.D.N.Y. 2004); In re Acterna Corp., No. 03-12837 (BRL) (Bankr. S.D.N.Y. 2003); In re Magellan Health Servs., Inc., No. 03-40515 (PCB) (Bankr. S.D.N.Y. 2003); In re Sunbeam Corp., No. 01-40291 (AJG) (Bankr. S.D.N.Y. 2001); In re Rhythms Netconnections Inc., Nos. 01-4283 through 01-4287 (BRL) (Bankr. S.D.N.Y. 2001); In re Carmike Cinemas, Inc., Nos. 00-3302 through 00-3305 (SLR) (Bankr. D. Del. 2000); In re Genesis Health Ventures Inc., No. 00-2692 (JHW) (Bankr. D.Del. 2000).

11. The Reorganized Debtors believe that an extension of the Claims Objection Deadline through and including September 19, 2006 is in the best interests of all parties in interest. This extension is not sought for improper dilatory purposes, and

will not unduly prejudice any claimants.  The Reorganized Debtors reserve their right to seek a further extension of the Claims Objection Deadline upon an appropriate demonstration of cause.

**Memorandum of Law**

12.	This Motion does not raise any novel issues of law and, accordingly, the Reorganized Debtors respectfully request that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted.

**Notice**

13.	Notice of this Motion has been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agent for the Debtors' prepetition secured lenders, (iii) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (iv) the attorneys for the official committee of equity security holders appointed in these chapter 11 cases and (v) those parties entitled to notice pursuant to this Court's Order dated July 15, 2003 establishing notice procedures in these chapter 11 cases.  The Reorganized Debtors submit that no other or further notice is required.

14. Other than the relief requested in the previous two motions, no previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request that the Court (i) extend the Claims Objection Deadline from July 21, 2006 to September 19, 2006, without prejudice to the Reorganized Debtors' right to request a further extension(s) of the Claims Objection Deadline and (ii) grant the Reorganized Debtors such other and further relief as the Court may deem just and appropriate.

Dated: July 5, 2006
      New York, New York

/s/ Stephen Karotkin
Stephen Karotkin (SK 7357)
Lori R. Fife (LF 2839)
Shai Y. Waisman (SW 6854)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR DEBTORS AND
REORGANIZED DEBTORS

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
In re                                                 :   Chapter 11 Case Nos.
                                                      :
LORAL SPACE                                           :   LEAD CASE 03-41710 (RDD)
  & COMMUNICATIONS LTD., et al.,                      :   03-41709 (RDD) through
                                                      :   03-41728 (RDD)
         Reorganized Debtors.                         :   (Jointly Administered)
                                                      :
------------------------------------------------------x

# ORDER FURTHER EXTENDING TIME FOR
# REORGANIZED DEBTORS TO OBJECT TO PROOFS OF CLAIM

Upon the Motion (the "Motion"), dated July 5, 2006, of Loral Space & Communications Ltd. and its affiliated debtors (collectively, the "Debtors" and, as reorganized, the "Reorganized Debtors") in the above-referenced cases under chapter 11 of title 11 of the United States Code, for a further extension of the time prescribed by (i) the Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified (the "Plan of Reorganization"), which was confirmed by Order dated August 1, 2005 (the "Confirmation Order") and (ii) the Confirmation Order, within which the Reorganized Debtors must object to proofs of claim (the "Claims Objection Deadline"); and it appearing that pursuant to Section 7.1 of the Plan of Reorganization and Paragraph 7 of the Confirmation Order, the Court may extend the Claims Objection Deadline; and the Court having entered an Order on May 16, 2006 [Docket No. 2751] further extending the Claims Objection Deadline through and including July 21, 2006, without prejudice to the Reorganized Debtors' right to request a further extension(s) of the Claims Objection Deadline; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the

District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) the attorneys for the agent for the Debtors' prepetition secured lenders, (iii) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (iv) the attorneys for the official committee of equity security holders appointed in these chapter 11 cases and (v) those parties entitled to notice pursuant to this Court's Order dated July 15, 2003 establishing notice procedures in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Section 7.1 of the Plan of Reorganization, Paragraph 7 of the Confirmation Order and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, the deadline for the Reorganized Debtors to file objections to Claims (as such term is defined in the Plan of Reorganization) including, without limitation, all proofs of claim filed in these chapter 11 cases, is extended to and including September 19, 2006, without prejudice to the right of the Reorganized Debtors to request further extensions of such deadline; and it is further

ORDERED that the requirement pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that the Reorganized Debtors file a memorandum of law in support of the Motion hereby is waived.

Dated: July __, 2006
      New York, New York

UNITED STATES BANKRUPTCY JUDGE